(78 App. Div. 520.)

In re BROOKFIELD, Com'r.

Claim of SARLES.

(Supreme Court, Appellate Division, Second Department. January Term, 1903.)

Dissenting opinion.
For majority opinion, see 79 N. Y. Supp. 1022.

Charles Locke Easton, for plaintiff.
George O. Redington, for defendant.

HIRSCHBERG, J. (dissenting). I dissent from the decision which the court is about to make in this case. The appeal relates to that part of the order which refuses to confirm the action of the commissioners as to parcels Nos. 61 and 62, whereby the sum of $1 was awarded in each case to be distributed among unknown owners. As I understand the reasoning of the prevailing opinion, it is based upon

the theory that the fee of the bed of a pond is without substantial value where the right to maintain and use the water has been acquired by another than the owner. This seems to be in conflict with the theory of the decision of the former General Term of this department in Matter of Gilroy, 85 Hun, 424, 32 N. Y. Supp. 891, in which it was held that the availability of the property for use in connection with the water supply of the city of New York is an element of value. In that case Mr. Justice Willard Bartlett, in collating the authorities, said (page 427, 85 Hun, and page 893, 32 N. Y. Supp.):

"A similar rule as to the measure of compensation, where the power of eminent domain is exercised for the acquisition of reservoir sites, has been laid down in a number of cases. San Diego Land Co. v. Neale, 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83; Spring Valley Waterworks v. Drinkhouse (Cal.) 28 Pac. 681; Alloway v. Nashville, 88 Tenn. 512, 13 S. W. 123, 8 L. R. A. 123. In the case last cited it is well said that market value 'includes every element of usefulness and advantage in the property. If it be useful for agriculture or for residence purposes, if it has adaptability for a reservoir site or for the operation of machinery, if it contains a quarry of stone or a mine of precious metals, if it possesses advantages of location or availability for any useful purpose whatever, all these belong to the owner, and are to be considered in estimating its value.' "

It seems to me that within the spirit of this authority the bed of a pond may possess value by reason of its location and adaptability. The one enables it to gather water, the other to retain it as in a reservoir. The fact that the city has acquired the right to maintain the water upon the bed and to use it for municipal purposes may affect the value of the fee, but does not necessarily destroy it; and the same may be said of the other circumstances detailed in the prevailing opinion by which the city has acquired rights in the surrounding territory. The fact still remains that the cup which gathers and holds the water is of some value in connection with the municipal use of the water rights. Otherwise the right to maintain and use the water could be acquired for a comparatively small sum on the ground that the fee was left intact, and the fee afterwards acquired at a nominal price on the ground that it was without value, inasmuch as the right existed in others to keep the land always immersed. But, if the bed of the pond is of no value, it is difficult to imagine why the city should resort to expensive litigation for the purpose of acquiring it.